ABEL JEANS *vs.* E. I. DU PONT de NEMOURS & CO., and W. B. BROBSON, attorney.

The entry that referees are summoned *for* a particular day, is a sufficient entry of the *adjournment* of the cause to that day; it appearing that the defendant had notice.

CERTIORARI to Justice McCaulley.

Record. Debt, demand $47 50. Summons issued March 1st to 11th, 1837, Saturday. Returned " served by copy left at defendant's dwelling house." March, 11, 1837, parties appear, defendant pleads nil debt; plaintiff appeals to referees, whereupon appointed and summoned Ziba Ferris, Thomas McDowell, and Stephen Bonsall, for Saturday next, 18th inst., at 2 o'clock, P. M. March, 18th, 1837, referees appear and are qualified, plaintiff present; same day referees report in favor of plaintiff $47 50; whereupon judgment in favor of plaintiff on report of referees for $47 50 debt, and $1 56 costs.

Exceptions, 1st, That it does not appear that there was any adjournment of the cause from the 11th to the 18th of March. 2d, That the defendant below had no notice of any adjournment. 3d, Because it does not appear that the defendant below was present before the referees when they heard the cause, or was notified of their meeting. 4th, Because the referees decided the cause below without notice to defendant and in his absence.

*Per Curiam.*—The entry of the adjournment is very informal, and only indirect at most; but it answered the purpose of notice to the defendant, who was present when the referees were appointed and summoned. The justice says they were appointed and summoned *for* Saturday next, the 18th inst. This appears to be the mode which this justice uses in stating the day at which the cause is to be taken up. His summons is issued, " March 1st to 11th." The essential object of requiring stated adjournments is notice. Here the defendant had notice; and it will not do for us to hold these justices to too strict a rule, or we shall not be able to sustain any of their judgments. On the whole, we incline to sustain this record as a substantial, though very informal, compliance with the law.

Judgment affirmed.

*Gray,* for plaintiff in error.